37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Herbert ZIMMER; Sallie Zimmer, Plaintiffs-Appellees,
v.
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware
corporation, Defendant-Appellant.
 No. 93-35694.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1994.
 Decided Sept. 30, 1994.
As Amended on Denial of Rehearing Nov. 22, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We rarely reverse because of clearly erroneous evidentiary rulings.[1] But rulings that are tied to a mistaken view of the law governing the defense's burden and which exclude key evidence are inevitably wrong. That is what happened here.
 
 
 3
 Herbert Zimmer was a 56 year old salesman of industrial electric supplies for Consolidated Electrical Distributors (CED). He was stripped of his accounts, replaced by younger salesmen, placed in a specially created job and ultimately terminated. And he was consistently CED's top salesman. This established a prima facie case of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq.; see also Wallis v. J.R. Simplot Co., No 92-36759, slip op. 7721, 7734 (July 14, 1994) (outlining elements of prima facie case of age discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).
 
 
 4
 CED represented many manufacturers, but one product line, Allen-Bradley, was disproportionately lucrative and represented about one-fourth of Zimmer's total sales. CED claimed that although Zimmer's overall performance was "fine," Allen-Bradley considered his representation of their products to be substandard. Zimmer was removed from sales in direct response to complaints from Allen-Bradley. This rebutted Zimmer's prima facie case of age discrimination. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2748 (1993) (inference of discrimination raised defendant's articulated legitimate reason).
 
 
 5
 The McDonnell Douglas framework then dropped from the picture, id. at 2747-49, leaving the jury to decide whether CED's articulated reason was a pretext and if so, whether Zimmer's age was a determining factor in reassigning or terminating him. Id. at 2754 (burden of persuasion on both prongs remains on plaintiff); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420-21 (9th Cir.1990) (plaintiff must show pretext by preponderance).
 
 
 6
 Even though Zimmer bore the burden of persuasion, CED was entitled to present for the jury's consideration admissible proof in support of its position. But the judge systematically excluded its evidence, apparently believing that the McDonnell Douglas framework was still operational and that CED was entitled to articulate a legitimate reason, and no more. It was not given any opportunity to buttress that reason or to deflect Zimmer's accusations.
 
 
 7
 Among the many rulings, the judge let the witness Veitenheimer testify over a hearsay objection on direct about ageist comments made by CED manager McKay. But then he barred as irrelevant CED's attempted cross-examination about other statements McKay made indicating dissatisfaction with Zimmer's sales performance. Most seriously, the judge excluded any testimony from Allen-Bradley representatives regarding their assessment of Zimmer's performance or their communication of dissatisfaction to CED. This ruling reduced CED to self-serving assertions, gutting its defense.
 
 
 8
 CED had to articulate a legitimate reason for its action to survive summary judgment. But having done so, it was entitled to present to the jury evidence tending to show the truth of that reason. They were not allowed to and so we must remand for a "do-over."
 
 
 9
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have jurisdiction under 28 U.S.C. Sec. 1291. We review for clear error exclusion of evidence as irrelevant or inadmissible under Rule 403. Larez v. Los Angeles, 946 F.2d 630, 641 (9th Cir.1991). And the exclusion must be prejudicial to warrant reversal. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992)